### 6876.   OCMULGEE GUANO COMPANY *v.* PRICE *et al.*

RUSSELL, C. J.   1.   In a suit upon a promissory note against two persons, the defendants may file a plea alleging that the note, though purporting to be signed by them in their individual capacity, evidenced a debt due by a partnership, of which the signers were the only partners, and thereupon plead as a set-off an account alleged to be due by the plaintiff to the partnership.

2. In such a suit the defendants first pleaded as a set-off an account alleged

to be due by the plaintiff to the defendants in their capacity of co-partners, and the effect of the amendment was not to introduce new parties as defendants, but merely to amplify the original plea by alleging that in signing the note sued on the two partners signed separately, instead of collectively. The real consideration of a promissory note may be inquired into (unless the writing purports to state the consideration), and it was therefore the right of the defendants to show that while the consideration of the note was apparently received by two individuals, the debt was in fact a partnership obligation.

3. In any event the rights of the plaintiff could not have been affected by the amendment which was allowed, since a judgment against the partnership would bind not only the assets of the partnership, but also the individual property of each and both of the partners, just as a judgment against the same two individuals would bind alike their individual assets, and the interest of either in the partnership might also be reached by garnishment.

4. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED MAY 31, 1916.

Complaint; from city court of Eastman—Judge Neese. July 19, 1915.

*Marion Turner,* for plaintiff. *Roberts & Smith,* for defendant.